**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MCKENZIE CONSTRUCTION
CORPORATION,
Plaintiff-Appellant,

v.

HYDRO TECHNOLOGIES OF FLORIDA,

                                        No. 98-2648

INCORPORATED,
Defendant-Appellee,

and

ANTHONY J. BALLATO,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-97-869-2)

Argued: October 28, 1999

Decided: November 18, 1999

Before MURNAGHAN, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Christopher Scott Boynton, COOPER, SPONG &
DAVIS, P.C., Portsmouth, Virginia, for Appellant. Peter Paul

Mitrano, II, Etna, New Hampshire, for Appellee. **ON BRIEF:** Paul L. Warren, COOPER, SPONG & DAVIS, P.C., Portsmouth, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

McKenzie Construction Corporation filed suit in Virginia state court against Hydro Techologies of Florida and its president, Anthony J. Ballato, alleging breach of contract and fraud. Hydro removed the case to the United States District Court for the Eastern District of Virginia. After a jury verdict in McKenzie's favor on both counts, the district court, pursuant to Rule 50(b), granted Hydro's renewed motion for judgment as a matter of law on the fraud count. McKenzie appeals, urging that the jury's verdict on fraud be reinstated.

A motion for judgment as a matter of law should be granted when "there is no legally sufficient evidentiary basis for a reasonable jury" to find against the movant. Fed.R.Civ.P. 50(a). The district court found that McKenzie's evidence was insufficient, as a matter of Virginia law, to establish the materiality and reliance elements of a fraud claim. It therefore held that "no reasonable juror could find in favor of the plaintiff on the claim of fraud."

In reviewing a judgment entered pursuant to Rule 50(b), we construe all facts in the light most favorable to the party against whom judgment was entered, and we review the district court's legal conclusions de novo. See Konkel v. Bob Evans Farms Inc., 165 F.3d 275, 279 (4th Cir.), cert. denied, 68 U.S.L.W. 3106 (U.S. Oct. 4, 1999) (No. 99-180). Having done so and after careful examination of the briefs and record and consideration of counsel's oral argument, we now affirm on the basis of the district court's reasoning. See

2

McKenzie Constr. Corp. v. Hyrdo Technologies of Fla ., No.
CA-97-869-2 (E.D. Va. October 8, 1998).

McKenzie, the general contractor on a project to construct an indoor swimming pool for the City of Virginia Beach, awarded a sub-contract to Hydro for the application of fiberglass coating to the basin of the pool. In one of the numerous communications between the parties, Hydro indicated that it intended to use "Polygard" brand coating; in all other communications Hydro stated that it would use the product "Everglass." Hydro did not complete the job, and the fiberglass coating it applied did not adhere properly to the walls of the pool. The evidence, taken as a whole, cannot support a reasonable inference that Hydro's one-time representation that it would use"Polygard" coating was material to McKenzie, or that McKenzie relied on this representation in any relevant way. The judgment of the district court is therefore

AFFIRMED.